BREMER WHYTE BROWN & O'MEARA LLP
John J. Belanger, Esq., State Bar No. 021671
8950 South 52nd Street, Suite 201
Tempe, AZ 85284
Telephone:  (602) 274-1204
Facsimile:   (602) 274-1205

Attorneys for Defendants,
Uponor, Inc.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| Olen Properties Corp. and One North Scottsdale Corp., | ) | Case No. 2:24-cv-02423-JJT |
|---|---|---|
| Plaintiffs, | ) ) ) | **DEFENDANT UPONOR INC.'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT** |
| vs. | ) ) | |
| Danco Plumbing, Inc. and Uponor Inc., | ) ) | |
| Defendants. | ) ) | |

Defendant Uponor Inc. ("Uponor") for itself alone, and for no others, by and through its attorneys of record, Bremer, Whyte, Brown, & O'Meara, LLP, hereby answers and responds to Plaintiffs Olen Properties Corp. and One North Scottsdale Corp. (collectively "Plaintiffs") Second Amended Complaint ("SAC") as follows:

**PARTIES**

1. In answering Paragraph 1, no allegation is asserted against Uponor; however, if it is deemed that an allegation is asserted against it, Uponor denies same.

2. In answering Paragraph 2, no allegation is asserted against Uponor; however, if it is deemed that an allegation is asserted against it, Uponor denies same.

3. In answering Paragraph 3, no allegation is asserted against Uponor; however, if it is deemed that an allegation is asserted against it, Uponor denies same. In responding further, Uponor notes that Plaintiffs have dismissed Danco from this matter.

BREMER WHYTE BROWN &
O'MEARA LLP
8950 SOUTH 52ND STREET
SUITE 201
TEMPE, AZ 85284
(602) 274-1204

1489.027  4889-9063-0115.4

4.     In answering Paragraph 4, Uponor admits it is an Illinois corporation with its principal place of business located at 5925 148th Street West, Apple Valley, Minnesota.

5.     In answering Paragraph 5, no allegation is asserted against Uponor; however, if it is deemed that an allegation is asserted against it, Uponor denies same.

## JURISDICTION

6.     Uponor denies the allegations contained in Paragraph 6 of the SAC as they pertain to Uponor.

7.     Uponor admits the allegations contained within Paragraph 7 of the SAC.

8.     Uponor admits the allegations contained within Paragraph 8 of the SAC.

9.     Uponor admits the allegations contained within Paragraph 9 of the SAC.

10.     Uponor admits the allegations contained within Paragraph 10 of the SAC.

11.     Uponor admits the allegations contained within Paragraph 11 of the SAC.

12.     Uponor admits the allegations contained within Paragraph 12 of the SAC.

13.     Uponor denies the allegations contained in Paragraph 13 of the SAC as they pertain to Uponor.

14.     Uponor neither admits nor denies the allegations contained within Paragraph 14 of the SAC as they state legal conclusions as opposed to allegations of fact. Should any further or other response be deemed necessary, Uponor denies the allegations of Paragraph 14 of the SAC and demands strict proof thereof.

## GENERAL ALLEGATIONS

15.     In answering Paragraph 15, Uponor acknowledges that it manufactures and sells the type of pipe identified as allegedly installed at the Subject Property.

16.     In answering Paragraph 16, no allegation is asserted against Uponor; however, if it is deemed that an allegation is asserted against it, Uponor denies same.

17.     In answering Paragraph 17, no allegation is asserted against Uponor; however, if it is deemed that an allegation is asserted against it, Uponor denies same.

18.     In answering Paragraph 18, no allegation is asserted against Uponor; however, if it is deemed that an allegation is asserted against it, Uponor denies same.

BREMER WHYTE BROWN &
O'MEARA LLP
8950 SOUTH 52ND STREET
SUITE 201
TEMPE, AZ 85284
(602) 274-1204

2

1489.027  4889-9063-0115.4

19. Uponor: a) lacks knowledge as to the date upon which "Plaintiffs' acquisition of the Apartments" occurred and therefore can neither admit nor deny the allegations related to Paragraph 19. Should any further or other response be deemed necessary, Uponor denies the allegations contained in Paragraph 19 of the SAC as they pertain to Uponor.

20. In answering Paragraph 20, Uponor denies that Plaintiffs have suffered or will suffer any damages as a result of any action or inaction by Uponor.

21. Uponor denies the allegations contained in Paragraph 21 of the SAC as they pertain to it.

22. In answering Paragraph 22, Uponor denies that Plaintiffs have suffered or will suffer any damages as a result of any action or inaction by Uponor.

23. In answering Paragraph 23, Uponor denies that Plaintiffs have suffered or will suffer any damages as a result of any action or inaction by Uponor.

24. In answering Paragraph 24, Uponor admits only that it manufactures and sells the type of PEX pipe identified and alleged to be installed at the Subject Property as part of the potable water plumbing system.

25. Uponor denies the allegations contained in Paragraph 25 of the SAC as they pertain to it.

26. Uponor denies the allegations contained in Paragraph 26 of the SAC as they pertain to it.

27. Uponor denies the allegations contained in Paragraph 27 of the SAC as they pertain to it.

28. In answering Paragraph 28, Uponor denies that Plaintiffs have suffered or will suffer any damages as a result of any action or inaction by Uponor.

29. In answering Paragraph 29, Uponor denies that Plaintiffs have suffered or will suffer any damages as a result of any action or inaction by Uponor.

30. Uponor denies the allegations contained in Paragraph 30 of the SAC as they pertain to it.

/ / /

BREMER WHYTE BROWN &
O'MEARA LLP
8950 SOUTH 52ND STREET
SUITE 201
TEMPE, AZ 85284
(602) 274-1204

3

1489.027  4889-9063-0115.4

31.     Uponor denies the allegations contained in Paragraph 31 of the SAC as they pertain to it.

32.     Uponor, makes no answer to the allegations of Paragraph 32 as they state conclusions and opinions as opposed to allegations of fact. Should any further or other response be deemed necessary, Uponor states that it is without sufficient information and/or knowledge to form a belief as to the truthfulness of the allegations contained in Paragraph 32 of the SAC, and therefore, denies those allegations and demands strict proof thereof.

33.     Uponor denies the allegations contained in Paragraph 33 of the SAC as they pertain to it.

FIRST CAUSE OF ACTION
NEGLIGENCE
(Against All Defendants)

34.     In answering Paragraph 34 of the SAC, Uponor repeats and restates its responses to Paragraphs 1 through 33 and incorporates the same by reference as though fully set forth herein.

35.     Uponor can neither admit nor deny the allegations contained in Paragraph 35 in its present format as those allegations appear to be an incomplete allegation that mixes factual allegations with legal conclusions.  Should any further or other response be deemed necessary, Uponor denies the allegations contained in Paragraph 35 of the SAC.

36.     Uponor denies the allegations contained in Paragraph 36 of the SAC as they pertain to it.

37.     Uponor denies the allegations contained in Paragraph 37 of the SAC as they pertain to it.

38.     In answering Paragraph 38, Uponor denies that Plaintiffs have suffered or will suffer any damages as a result of any action or inaction by Uponor.

39.     Uponor can neither admit nor deny the allegations contained in Paragraph 39 in its present format as those allegations appear to be an incomplete allegation that mixes factual allegations with legal conclusions.  Should any further or other response be deemed necessary, Uponor denies the allegations contained in Paragraph 39 of the SAC.

BREMER WHYTE BROWN &
O'MEARA LLP
8950 SOUTH 52ND STREET
SUITE 201
TEMPE, AZ  85284
(602) 274-1204

4

1489.027  4889-9063-0115.4

40.     Uponor denies the allegations contained in Paragraph 40 of the SAC as they pertain to it.

41.     In answering Paragraph 41, Uponor denies that Plaintiffs have suffered or will suffer any damages as a result of any action or inaction by Uponor.

SECOND CAUSE OF ACTION
NEGLIGENT MISREPRESENTATION
(Against All Defendants)

42.     In answering Paragraph 42 of the SAC, Uponor repeats and restates its answers to Paragraphs 1 through 41 and incorporates the same by reference as though fully set forth herein.

43.     Uponor denies the allegations contained in Paragraph 43 of the SAC as they pertain to it.

44.     Uponor can neither admit nor deny the allegations contained in Paragraph 44 in its present format as those allegations appear to be an incomplete allegation that mixes factual allegations with legal conclusions.  Should any further or other response be deemed necessary, Uponor denies the allegations contained in Paragraph 44 of the SAC.

45.     Uponor denies the allegations contained in Paragraph 45 of the SAC as they pertain to it.

46.     Uponor denies the allegations contained in Paragraph 46 of the SAC as they pertain to it.

47.     Uponor denies the allegations contained in Paragraph 47 of the SAC as they pertain to it.

48.     Uponor denies the allegations contained in Paragraph 48 of the SAC as they pertain to it.

49.     Uponor denies the allegations contained in Paragraph 49 of the SAC as they pertain to it.

50.     Uponor is without sufficient information and/or knowledge to form a belief as to the truthfulness of the allegations contained in Paragraph 50 of the SAC, and, therefore, denies those allegations and demands strict proof thereof.

BREMER WHYTE BROWN &
O'MEARA LLP
8950 SOUTH 52ND STREET
SUITE 201
TEMPE, AZ 85284
(602) 274-1204

5

1489.027  4889-9063-0115.4

51.     In answering Paragraph 51, Uponor denies that Plaintiffs have suffered or will suffer any damages as a result of any action or inaction by Uponor.

## SECOND CAUSE OF ACTION
### BREACH OF IMPLIED WARRANTY
(Against Danco)

52.     In answering Paragraph 52 of the SAC, Uponor repeats and realleges its answers to Paragraphs 1 through 51 and incorporates the same by reference as though fully set forth herein.

53.     In answering Paragraph 53 through 58, Uponor makes no response to the Second Cause of Action as it is not directed to Uponor.

## FOURTH CAUSE OF ACTION
### BREACH OF EXPRESS WARRANTY
(Against All Defendants)

54.     In answering Paragraph 59 of the SAC, Uponor repeats and restates its answers to Paragraphs 1 through 58 and incorporates the same by reference as though fully set forth herein.

55.     In answering Paragraph 60, no allegation is asserted against Uponor; however, if it is deemed that an allegation is asserted against it, Uponor denies same.

56.     In answering Paragraph 61, no allegation is asserted against Uponor; however, if it is deemed that an allegation is asserted against it, Uponor denies same.

57.     In answering Paragraph 62, no allegation is asserted against Uponor; however, if it is deemed that an allegation is asserted against it, Uponor denies same.

58.     In answering Paragraph 63, no allegation is asserted against Uponor; however, if it is deemed that an allegation is asserted against it, Uponor denies same.

59.     In answering Paragraph 64, no allegation is asserted against Uponor; however, if it is deemed that an allegation is asserted against it, Uponor denies same.

60.     In answering Paragraph 65, no allegation is asserted against Uponor; however, if it is deemed that an allegation is asserted against it, Uponor denies same.

/ / /

/ / /

BREMER WHYTE BROWN & O'MEARA LLP
8950 SOUTH 52ND STREET
SUITE 201
TEMPE, AZ 85284
(602) 274-1204

6

1489.027  4889-9063-0115.4

## FIFTH CAUSE OF ACTION
### STRICT PRODUCT LIABILITY
(Against All Defendants)

61.     In answering Paragraph 66 of the SAC, Uponor repeats and restates its answers to Paragraphs 1 through 65 and incorporates the same by reference as though fully set forth herein.

62.     In answering Paragraph 67, Uponor admits that it manufactures and sells the type of PEX pipe identified and allegedly installed as part of the potable water plumbing system at the Subject Property.

63.     Uponor denies the allegations contained in Paragraph 68 of the SAC as they pertain to it.

64.     Uponor denies the allegations contained in Paragraph 69 of the SAC that the PEX was expected by Uponor to reach, and did reach, the Apartments.  Uponor is without sufficient information and/or knowledge to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 69 of the SAC, and, therefore, denies those allegations and demands strict proof thereof.

65.     Uponor is without sufficient information and/or knowledge to form a belief as to the truthfulness of the allegations contained in Paragraph 70 of the SAC, and, therefore, denies those allegations and demands strict proof thereof.

66.     In answering Paragraph 71, Uponor denies that Plaintiffs have suffered or will suffer any damages as a result of any action or inaction by it.

67.     Uponor denies the allegations contained in Paragraph 72 of the SAC as they pertain to it.

68.     In answering Paragraph 73, Uponor affirmatively alleges that it manufactures and sells the type of PEX pipe identified and alleged to have been as installed at the Subject Property as part of the potable water plumbing system.  Uponor denies the remaining allegations contained within Paragraph 73 of the SAC as they pertain to Uponor.

69.     In answering Paragraph 74, Uponor denies that Plaintiffs have suffered or will suffer any damages as a result of any action or inaction by Uponor.

BREMER WHYTE BROWN &
O'MEARA LLP
8950 SOUTH 52ND STREET
SUITE 201
TEMPE, AZ  85284
(602) 274-1204

7

1489.027  4889-9063-0115.4

## SIXTH CAUSE OF ACTION
### BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY
(Against Uponor)

70.    In answering Paragraph 75 of the SAC, Uponor repeats and restates its answers to Paragraphs 1 through 74 and incorporates the same by reference as though fully set forth herein.

71.    In answering Paragraph 76, Uponor affirmatively alleges that it manufactures and sells the type of PEX pipe identified as allegedly installed at the Subject Property as part of its potable water plumbing systems.  Uponor denies the allegations contained in Paragraph 76 as they pertain to PEX Defects.  As to the remaining allegations of Paragraph 76, Uponor can neither admit nor deny those allegations in their present format as those allegations appear to be an incomplete allegation that mixes factual allegations with legal conclusions.  Should any further or other response be deemed necessary, Uponor denies the allegations contained in Paragraph 76 of the SAC.

72.    Uponor denies the allegations contained in Paragraph 77 of the SAC as they pertain to it.

73.    Uponor denies the allegations contained in Paragraph 78 of the SAC as they pertain to it.

74.    In answering Paragraph 79, Uponor denies that Plaintiffs have suffered or will suffer any damages as a result of any action or inaction by Uponor.

## SEVENTH CAUSE OF ACTION
### BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE
(Against Uponor)

75.    In answering Paragraph 80 of the SAC, Uponor repeats and restates its answers to Paragraphs 1 through 79 and incorporates the same by reference as though fully set forth herein.

76.    Uponor can neither admit nor deny the allegations contained in Paragraph 81 in its present format as those allegations appear to be an incomplete allegation that mixes factual allegations with legal conclusions.  Should any further or other response be deemed necessary, Uponor denies the allegations contained in Paragraph 81 of the SAC.

BREMER WHYTE BROWN & O'MEARA LLP
8950 SOUTH 52ND STREET
SUITE 201
TEMPE, AZ  85284
(602) 274-1204

1489.027  4889-9063-0115.4

77.   Uponor can neither admit nor deny the allegations contained in Paragraph 82 in its present format as those allegations appear to be an incomplete allegation that mixes factual allegations with legal conclusions.  Should any further or other response be deemed necessary, Uponor denies the allegations contained in Paragraph 82 of the SAC.

78.   Uponor denies the allegations contained in Paragraph 83 of the SAC as they pertain to it.

79.   In answering Paragraph 84, Uponor denies that Plaintiffs have suffered or will suffer any damages as a result of any action or inaction by Uponor.

## TIER

80.   Plaintiffs have failed to designate the tier to which this matter should be assigned as required under Rule 8(b)(2), *Arizona Rules of Civil Procedure*.  To the extent Plaintiffs seek to later designate this matter to a certain tier, Uponor reserves the right to contest such designation.

## GENERAL RESPONSE

81.   Uponor denies each and every allegation of the SAC not specifically admitted herein.

## AFFIRMATIVE DEFENSES

82.   Uponor denies each and every allegation not specifically admitted herein.

83.   Uponor denies that it breached any contract, any warranty or any duty whatsoever to Plaintiffs.

84.   Uponor denies that it caused damages to Plaintiffs.

85.   Uponor affirmatively alleges that Plaintiffs' SAC and each and every portion thereof fails to set forth facts sufficient to constitute any viable cause of action against Uponor.

86.   Uponor affirmatively alleges Plaintiffs failed to state claims for which relief can be granted.

87.   Uponor affirmatively alleges the claims asserted in the SAC are barred by the applicable statute of limitations and/or laches.

BREMER WHYTE BROWN & O'MEARA LLP
8950 SOUTH 52ND STREET
SUITE 201
TEMPE, AZ  85284
(602) 274-1204

9

1489.027  4889-9063-0115.4

88.     Uponor affirmatively alleges that Plaintiffs failed to make reasonable effort to mitigate the damages, if any, in whole or in part.

89.     Uponor affirmatively alleges Plaintiffs' claims are barred by Plaintiffs' assumption of the risk.

90.     Uponor affirmatively alleges that at or about the time of place referenced in Plaintiffs' SAC, if Plaintiffs suffered any injury or damages, any such injury or damage was proximately and legally caused by the negligence and fault of Plaintiffs, and that said negligence and fault of Plaintiffs reduces, pro rata, any recovery otherwise available to Plaintiffs.

91.     Uponor affirmatively alleges and without admitting Plaintiffs have suffered, or will suffer, any damages or injuries as a result of conduct alleged in Plaintiffs' SAC, that any damages or injuries which were or will be sustained by Plaintiffs were caused in whole or in part by the negligence and/or tortious acts, omissions and/or conduct of persons, parties or entities other than Uponor.  Any damages recoverable by Plaintiffs must be diminished in proportion to the amount of fault attributed to said other persons, parties, or entities.

92.     Uponor affirmatively alleges that if Uponor is found to have made an express warranty, then Plaintiffs' recovery is limited to said warranty.

93.     Uponor affirmatively alleges that Plaintiffs may not recover incidental or consequential damages.

94.     Uponor affirmatively alleges that it is not responsible for design defects.

95.     Uponor affirmatively alleges that all implied warranties are disclaimed.

96.     Uponor affirmatively alleges that its obligations are limited to providing replacement product or the value of replacement product at Uponor's election.

97.     Uponor affirmatively alleges that Plaintiffs' SAC and causes of action against Uponor fail to state any claim for which it is entitled to attorneys' fees.

98.     Uponor affirmatively alleges that Plaintiffs' SAC and causes of action against Uponor fail to set forth facts sufficient to give rise to exemplary or punitive damages.

/ / /

BREMER WHYTE BROWN & O'MEARA LLP
8950 SOUTH 52ND STREET
SUITE 201
TEMPE, AZ  85284
(602) 274-1204

10

1489.027  4889-9063-0115.4

99.    Uponor incorporates any and all affirmative defenses of any and all parties hereto.

100.    Uponor does not presently have specific facts in support of the remaining defenses, it wishes to put Plaintiffs on notice that it hereby raises the following defenses which through subsequent discovery may indeed be supported by facts: accord and satisfaction, arbitration and award, assumption of risk, estoppel, economic loss doctrine, failure to mitigate damages, failure to minimize damages, laches, lack of jurisdiction, payment, release, res judicata, collateral estoppel, statute of limitations, settlement and release, and waiver.

101.    Uponor reserves the right to plead further affirmative defenses including but not limited to those affirmative defenses set forth in Rules 8(c) and 12(b), Arizona Rules of Civil Procedure, as may be justified by the facts determined during discovery.

WHEREFORE, having fully answered Plaintiffs' SAC, Uponor respectfully requests this Court enter judgment in its favor and against Plaintiffs as follows:

A.    The Plaintiffs' SAC be dismissed with prejudice and that Plaintiffs take nothing thereby;

B.    Uponor be awarded its costs and reasonable attorneys' fees incurred herein; and

C.    For such other and further relief as this Court deems just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Defendant Uponor Inc. by and through counsel undersigned, BREMER WHYTE BROWN & O'MEARA LLP, hereby demands a trial by jury in this matter.

Dated: September 20, 2024                     BREMER WHYTE BROWN & O'MEARA LLP


                                            By: */s/ John Belanger*
                                                John J. Belanger, Esq.
                                                Attorneys for Defendant
                                                Uponor, Inc.

BREMER WHYTE BROWN &
O'MEARA LLP
8950 SOUTH 52ND STREET
SUITE 201
TEMPE, AZ 85284
(602) 274-1204

11

1489.027  4889-9063-0115.4

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 20, 2024, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF Registrants, as well as e-mailed a copy as follows:

mark@holmgrenlawfirm.com
admin@holmgrenlawfirm.com
Mark A. Holmgren
Holmgren Law Firm
1166 E. Warner Road, Suite 101
Gilbert, Arizona 85296
*Attorneys for Plaintiffs*
*Olen Properties Corp. and*
*One North Scottsdale Corp.*

By: */s/ Cortney Kiser*

BREMER WHYTE BROWN &
O'MEARA LLP
8950 SOUTH 52ND STREET
SUITE 201
TEMPE, AZ  85284
(602) 274-1204

12

1489.027  4889-9063-0115.4