BREMER WHYTE BROWN & O'MEARA LLP
John J. Belanger, Esq., State Bar No. 021671
jbelanger@bremerwhyte.com
8950 South 52nd Street, Suite 201
Tempe, AZ 85284
Telephone:  (602) 274-1204
Facsimile:   (602) 274-1205

Attorneys for Defendant,
Uponor, Inc.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Olen Properties Corp. and One North Scottsdale Corp., | Case No. 2:24-cv-02423-JJT |
| Plaintiffs, | **DEFENDANT UPONOR INC.'S RESPONSE TO PLAINTIFFS' MOTION TO REMAND** |
| vs. | |
| Danco Plumbing, Inc. and Uponor Inc., | |
| Defendants. | |

Defendant Uponor Inc. ("Uponor"), by and through undersigned counsel and pursuant 28 U.S.C. § 1447, submits this Opposition to the Motion to Remand filed by Plaintiffs Olen Properties Corp. and One North Scottsdale Corp. (collectively, "Plaintiffs"),

## I.    **INTRODUCTION**

Contrary to Plaintiffs' assertion, Danco Plumbing, Inc. ("Danco") was not named as a Defendant in good faith or based upon Plaintiffs' information and belief that the alleged leaks could have been the result of faulty installation.  Plaintiffs' own material expert, Dr. Ahmed Shabeer ("Shabeer")—who is familiar from prior/other investigations involving Uponor PEX products' alleged performance issues through his involvement in similar cases in other jurisdictions—inspected the PEX samples in August 2023 and authored a report on

BREMER WHYTE BROWN & O'MEARA LLP
8950 SOUTH 52ND STREET
SUITE 201
TEMPE, AZ  85284
(602) 274-1204

1489.027  4893-3819-2367.3

September 1, 2023, in which Shabeer found the PEX to be defectively manufactured.[1]

Since the commencement of this litigation, there has been no evidence or facts identified, discovered, or even implied that would tend to implicate the adequacy of Danco's installation of the PEX.  As discussed more fully below, Plaintiffs' contention that Danco was dismissed only after Plaintiffs purportedly determined that the PEX piping would have failed regardless of how it was installed is belied by the report prepared by Shabeer more than two (2) months before Danco was even named as a Defendant.  Plaintiffs bad faith actions are precisely why 28 U.S.C. § 1446 includes an exception to the one-year time limit on removal.

## II.      **BACKGROUND**

This matter stems from the alleged failure of plumbing systems (the "Systems") installed in apartments at One North Scottsdale Apartments located at 7355 East Thompson Peak Parkway in Scottsdale, Arizona (the "Project"), which Systems, according to Plaintiffs, have, among other things, leaked and caused damage to the subject property.  *See* FAC at ¶¶ 15, 17, 20, a copy of which is attached hereto as **Exhibit A**.

In particular, Plaintiffs, the alleged owners of the Project, have asserted claims against Uponor for breach of express warranty, strict product liability, breach of implied warranty of merchantability and fitness for a particular purpose, and other related causes of action, on the professed grounds that: (i) Uponor allegedly designed, manufactured and distributed certain cross-linked polyethylene tubing ("PEX") which was used in the construction of the Systems at the Project; and (ii) that certain—but not all—of the installed PEX has purportedly experienced premature degradation which, in turn, supposedly caused the PEX to crack, fail, and leak.  *See id.* at ¶¶ 15, 17, 20, 27-44, 52-77.

The FAC—filed on April 14, 2023—named as Defendants: 1) Uponor (an Illinois and Minnesota corporation); 2) Uponor North America, Inc. (a Delaware and Minnesota corporation); and 3) JPI Construction, LLC (a Texas limited liability company) ("JPI").  *See*

---

[1] Uponor continues to dispute the existence of any design or manufacturing defect in the PEX piping.

BREMER WHYTE BROWN &
O'MEARA LLP
8950 SOUTH 52ND STREET
SUITE 201
TEMPE, AZ  85284
(602) 274-1204

2

1489.027  4893-3819-2367.3

*id.* at ¶¶ 3-4.  According to the FAC, Plaintiff Olen Properties Corp. is a Florida corporation with its principal place of business in Newport Beach, California.  *See id.* at ¶ 1.  The FAC further states Plaintiff One North Scottsdale is an Arizona corporation with its principal place of business in Scottsdale, Arizona.  *See id.*  Based on the foregoing, there was complete diversity among the parties named in the FAC under 28 U.S.C. § 1332(a).

On May 19, 2023, Uponor filed a Notice of Removal, removing the case to Arizona District Court.  The matter was assigned Case No. 2:23-cv-00886-DGC before the Senior United States District Judge David G. Campbell.  On October 5, 2023, Plaintiffs voluntarily dismissed JPI.  A copy of the dismissal is attached hereto as **Exhibit B**.  In an October 19, 2023 Joint Status Report, Plaintiffs informed the Court of their intention to file a Second Amended Complaint ("SAC") to add Danco (an Arizona corporation) ("Danco") as a Defendant after Plaintiffs purportedly discovered that Danco was the plumbing contractor involved in the Project.  A copy of the Joint Status Report is attached hereto as **Exhibit C**.  On October 24, 2023, the Court granted Plaintiffs leave to file their SAC.  A copy of the Order is attached hereto as **Exhibit D**.  On November 10, 2023, Plaintiffs filed the SAC, a copy of which is attached hereto as **Exhibit E**.  The SAC alleged four (4) causes of action against Danco: 1) Negligence; 2) Negligent Misrepresentation; 3) Breach of Implied Warranty; and 4) Breach of Express Warranty.  *See id* at ¶¶ 44-65.  On December 1, 2023, in light of Danco, as an Arizona entity, being named a Defendant in the SAC, the Court remanded the case to Maricopa County Superior Court.  A copy of the Remand Order is attached hereto as **Exhibit F**.

Despite being named in the SAC, solely on information and belief, Danco did not file a responsive pleading and Plaintiffs did not file an Application for Default.  On September 5, 2024, Plaintiffs filed a Notice of Dismissal of Danco, a copy of which is attached hereto as **Exhibit G.**  Significantly, and frankly suspiciously, in the 10 months between the filing of the SAC—which destroyed diversity and caused the case to be remanded—and Plaintiffs' voluntary dismissal of Danco, Plaintiffs: i) performed no discovery into any of the four (4) causes of action they asserted against Danco; nor ii) did Plaintiffs take any action to compel

BREMER WHYTE BROWN & O'MEARA LLP
8950 SOUTH 52ND STREET
SUITE 201
TEMPE, AZ  85284
(602) 274-1204

3

1489.027  4893-3819-2367.3

a responsive pleading from Danco.  With Danco's dismissal, Uponor is the only remaining Defendant—re-establishing diversity of citizenship among the parties to the case.

**III.   ARGUMENT**

### A. The One-Year Bar on Removals Does Not Apply

The one-year bar on removals does not apply when Plaintiffs have "acted in bad faith in order to prevent [] defendant from removing the action." 28 U.S.C. § 1446(c)(1).  Plaintiffs maintained the pretense of a claim against Danco to first divest this Court of jurisdiction and have the case remanded, then to wait until the one-year window for removal closed before voluntarily dismissing Danco.  In determining whether there was bad faith, the Court can consider circumstantial evidence of intent, such as whether Plaintiffs actively litigated against the non-diverse Defendant.  *See id. See Russo v. Stillwater Ins. Co.*, 2019 U.S. Dist. LEXIS 157638, *6 (D. Ariz. September 16, 2019) (citing *Aguayo v. AMCO Ins. Co.*, 59 F. Supp. 3d 1225, 1262 (D. N.M. 2014)).  Here, after filing their SAC on November 10, 2023, in which Danco was first named as a Defendant on information and belief, Plaintiffs conducted no case-specific discovery with regard to its claims against Danco.  Nor did Plaintiffs make even a superficial effort to elicit a responsive pleading from Danco.

Plaintiffs protest that their claims against Danco were asserted in good faith because, at the time those claims were asserted, Plaintiffs were ignorant of the "true mode of failure of the Uponor PEX products" *See* Motion to Remand at p. 4.  Plaintiffs further contend that their recent dismissal of Danco was due to findings by Plaintiffs' experts that the PEX products are inherently defective. *See id.* at p. 4-5.  Plaintiffs' contentions in this regard are riddled with misrepresentations to the Court and are belied by the immutable timeline of events.   Plaintiffs' experts, Shabeer and Scott Freisen ("Freisen") performed their inspections, testing, and analyses *before* the parties participated in mediation on September 22, 2023.  Plaintiffs' counsel provided Uponor with the opinions of both experts prior to mediation.  On August 29, 2023, the parties filed a Joint Report on Status of Mediation, in which the parties' informed the Court of the expert testing being performed in advance of the September 22, 2023 mediation.  A copy of the Joint Report is attached hereto as **Exhibit H**.

BREMER WHYTE BROWN & O'MEARA LLP
8950 SOUTH 52ND STREET
SUITE 201
TEMPE, AZ  85284
(602) 274-1204

4

1489.027  4893-3819-2367.3

The September 1, 2023 Vollmer Gray Report, referenced by Freisen in his Declaration, was prepared by Shabeer. *See* Motion to Remand, Exhibit B ¶ 8. Freisen acknowledges that Shabeer's September 1, 2023 report finds that the PEX was "defectively manufactured." *See id.* In a May 17, 2024 email, Plaintiffs' counsel reiterated what Plaintiffs had known before they filed the SAC and prior to the September 22, 2023 mediation, that "Shabeer does not believe the plumber contributed to the product leaks." That email is attached hereto as **Exhibit I**.

It is abundantly apparent from the foregoing that at no time did Plaintiffs hold a good faith belief that installation of the PEX by Danco caused the alleged plumbing leaks. Plaintiffs' experts rendered their opinions that the PEX was "defectively manufactured" *before* the parties participated in mediation on September 22, 2023—and well before the SAC was submitted to the Court. Danco was not in any way implicated by those opinions. Yet, Plaintiffs' filed their SAC ***one and a half months after*** the mediation, in which they asserted claims against Danco. The SAC conveniently destroyed complete diversity and divested this Court of jurisdiction. After conducting no case-specific discovery to identify any potential merit in their claims against Danco, Plaintiff's then, with no credible explanation, voluntarily dismissed Danco. The timeline of events is immutable and does nothing but establish that Plaintiffs named Danco for the sole, and tactical, purpose of preventing the case from being litigated in District Court. Plaintiffs' actions amount to bad faith under 28 U.S.C. 1446(c)(1), thereby rendering the one-year bar on removal inapplicable.

## IV.  CONCLUSION

Plaintiffs' purported good faith destruction of complete diversity is belied by: a) the opinions of Plaintiffs' own experts; b) Plaintiffs' utter failure to litigate their claims against Danco; and 3) Plaintiffs' subsequent voluntary dismissal of Danco with no plausible basis for that action. Because Plaintiffs acted in bad faith to prevent this case from being litigated in District Court, the Motion to Remand should be denied.

BREMER WHYTE BROWN &
O'MEARA LLP
8950 SOUTH 52ND STREET
SUITE 201
TEMPE, AZ 85284
(602) 274-1204

5

1489.027  4893-3819-2367.3

Dated:  October 24, 2024                    BREMER WHYTE BROWN & O'MEARA LLP


By:  */s/ John Belanger*
      John J. Belanger, Esq.
      Attorneys for Defendant
      Uponor, Inc.

BREMER WHYTE BROWN &
O'MEARA LLP
8950 SOUTH 52ND STREET
SUITE 201
TEMPE, AZ  85284
(602) 274-1204

6

1489.027  4893-3819-2367.3

## CERTIFICATE OF SERVICE

I hereby certify that on October 24, 2024, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF Registrants, as well as e-mailed a copy as follows:

mark@holmgrenlawfirm.com
admin@holmgrenlawfirm.com
Mark A. Holmgren
Holmgren Law Firm
1166 E. Warner Road, Suite 101
Gilbert, Arizona 85296
*Attorneys for Plaintiffs*
*Olen Properties Corp. and*
*One North Scottsdale Corp.*

By: */s/ Cortney Kiser*

BREMER WHYTE BROWN &
O'MEARA LLP
8950 SOUTH 52ND STREET
SUITE 201
TEMPE, AZ 85284
(602) 274-1204

7

1489.027  4893-3819-2367.3